**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3583-14T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SHAUN STUKES,

    Defendant-Appellant.

_____

Submitted April 25, 2017 — Decided  May 3, 2017

Before Judges Koblitz and Rothstadt.

On appeal from Superior Court of New Jersey,
Law Division, Atlantic County, Indictment No.
05-10-2240.

Joseph E. Krakora, Public Defender, attorney
for appellant (Michael C. Kazer, Designated
Counsel, on the brief).

Diane M. Ruberton, Acting Atlantic County
Prosecutor, attorney for respondent (Derrick
Diaz, Special Deputy Attorney General/Acting
Assistant Prosecutor, of counsel and on the
brief).

PER CURIAM

Defendant Shaun Stukes appeals from a November 6, 2014 order denying his petition for post-conviction relief (PCR) after a three-day plenary hearing, pursuant to our February 5, 2013 remand. At the hearing, not only did defendant and his trial counsel testify, but also a sheriff's officer who had been a member of the jury. Defendant's claim before us is that his lawyer should have struck this member of the jury pursuant to defendant's request. We affirm.

After a two-day jury trial, defendant was convicted of second-degree certain persons not to have a handgun, N.J.S.A. 2C:39-7(b)(1). He was sentenced to an extended term of fourteen years in prison with seven years of parole ineligibility.

At the PCR plenary hearing, defendant testified that he recognized the sheriff's officer as one who "took [him] back and forth to court" for proceedings on an unrelated offense. According to defendant, the officer transported him approximately thirty times over a period of eight years and "took [his] handcuffs and shackles off plenty of times."

Defendant testified that he told his trial attorney, who asked him if he wanted to keep the officer on the jury and defendant responded, "you['re] my lawyer." Defendant also testified, in a somewhat contradictory fashion, that he told counsel that he did

not want the officer on the jury and that she told him she could not do anything because she had run out of jury challenges.

Trial counsel[1] testified that as part of her normal practice, she gave her clients a pen and paper before jury selection began so they could write any objections they had to potential jurors. During jury selection, initially defendant wrote a note objecting to the officer appearing on the jury for the sole reason that the officer was in law enforcement. She told defendant that the officer should be left on the jury because he was an intelligent African-American man, who appeared to have the ability to be impartial. She further testified that she told defendant that "it's very difficult to get African-Americans as part of the jury pool." Counsel testified that after a few minutes, "[defendant] agreed to accept [the officer]."

She testified that defendant never told her that he knew the officer as the person who transported him back and forth to court. She also testified that after their discussion, defendant did not tell her he wanted the officer excused from the jury. It was her normal practice to strike a potential juror if her client wanted the juror stricken, even if she did not agree with the decision.

---

[1] Trial counsel testified that she had been disbarred in 2010 based on a criminal conviction.

She would not have chosen the officer if defendant had told her that he wanted the officer stricken.

The officer testified that he was employed as a sheriff's officer at the courthouse at the time of jury selection. He drove a bus that transported inmates from the county jail to the courthouse. When chosen as a juror, he "[v]ery, very vaguely[]" remembered transporting defendant. He also testified that his recollection of defendant did not shape or guide his verdict and that he did not tell his fellow jurors that he was familiar with defendant.

The PCR court noted that when the defense said it was satisfied with the jury, three defense challenges remained. The court further found trial counsel to be credible and defendant's testimony to be contradictory and incredible.

Defendant raises the following single issue on appeal:

> POINT I: THE ORDER DENYING POST-CONVICTION RELIEF SHOULD BE REVERSED BECAUSE TRIAL COUNSEL'S TESTIMONY THAT SHE FAILED TO CHALLENGE JUROR [], A SHERIFF'S OFFICER WHO ADMITTED HAVING A "VAGUE RECOLLECTION" OF TRANSPORTING DEFENDANT FROM THE ATLANTIC COUNTY JAIL TO COURT AND BACK, BECAUSE HE WAS AN AFRICAN-AMERICAN, IN CONJUNCTION WITH POST-CONVICTION RELIEF CRITERIA REQUIRING THAT INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS BE VIEWED IN A LIGHT FAVORING DEFENDANT, SATISFIED DEFENDANT'S "PREPONDERANCE OF THE EVIDENCE" BURDEN OF PROOF.

Defendant's petition for PCR arises from Rule 3:22-2(a), which permits challenge of a conviction based on ineffective assistance of counsel. To establish ineffective assistance of counsel, a defendant must prove that: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984); State v. Fritz, 105 N.J. 42, 52 (1987) (adopting the Strickland two-part test in New Jersey). "[T]o establish prejudice, a defendant must show not only that the outcome of his trial would have been different absent the alleged deficient representation, but also that the deficient representation rendered the result of his proceeding fundamentally unfair or unreliable." State v. Holmes, 290 N.J. Super. 302, 311 (App. Div. 1996).

It is well-established that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, supra, 466 U.S. at 690, 104 S. Ct. at 2066, 80 L. Ed. 2d at 695. "[A]n otherwise valid conviction will not be overturned merely because the defendant is dissatisfied with his or her counsel's exercise of judgment during the trial." State v.

Allegro, 193 N.J. 352, 367 (2008) (quoting State v. Castagna, 187 N.J. 293, 314 (2006)).

We defer "to a PCR court's factual findings based on its review of live witness testimony." State v. Nash, 212 N.J. 518, 540 (2013). We do not second-guess the fact-finder's credibility findings except in extraordinary circumstances. "An appellate court's reading of a cold record is a pale substitute for a trial judge's assessment of the credibility of a witness he has observed firsthand." Ibid. We uphold the PCR court's factual findings as long as the findings "are supported by sufficient credible evidence in the record." Ibid.

Defense counsel testified that defendant only objected to the officer because he was a law enforcement officer. Counsel told defendant that although the officer was in law enforcement, it was nonetheless beneficial to have him on the jury because he was African-American, intelligent and appeared to be impartial. Defendant then agreed to have the officer on the jury. Because counsel believed it was difficult to impanel African-American jurors in Atlantic County, it was counsel's strategy for the officer to remain on the jury. "Merely because a trial strategy fails does not mean that counsel was ineffective." State v. Bey, 161 N.J. 233, 251 (1999), cert. denied, 530 U.S. 1245, 120 S. Ct. 2693, 147 L. Ed. 2d 964 (2000). Defendant never told her that he

was familiar with the officer or that he definitely wanted the officer stricken. Based on our acceptance of the PCR court's credibility findings, sufficient credible evidence was presented to support the court's conclusion that trial counsel's representation was not deficient.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3583-14T2